# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

LEE MICHELLE SCHUCH,

    Movant,

vs.                                             CIVIL ACTION NO. 05-8057-S
                                                 CRIMINAL NO. 03-J-49-S

UNITED STATES OF AMERICA,

    Respondent.

## **MEMORANDUM OPINION**

This is a motion to vacate, set aside, or correct a sentence, brought by a federal prisoner, pursuant to 28 U.S.C. § 2255. The movant, Lee Michelle Schuch, was convicted in this court on June 24, 2003, on her plea of guilty to three counts of sending child pornography through the mail, specifically pictures of her own daughter in response to an offer of money from a man she met on the internet, in violation of 18 U.S.C. § 2252(a)(1). She was sentenced on October 16, 2003, to a term of imprisonment for 168 months as to Counts 1 through 3, to be served consecutively, to be followed by a 36-month term of supervised release.

Schuch filed a notice of appeal on October 21, 2003. On appeal, she argued that the district court erred by not grouping the counts against her together as part of the same continuous and ongoing enterprise, and also that the district court erred by not granting a downward departure. The appellate court affirmed the district court's

on the issue of not grouping the counts, declined to review the district court's denial of a downward departure, and thus affirmed the sentence as imposed by the district court.

Schuch has now filed a motion to vacate, set aside, or correct her sentence. In support of her motion, Schuch claims that:

> 1) she was denied effective assistance of counsel because there "were things brought out" in court that she told her attorney she did not do and he said, "Then how else did they get them, and to just listen."
>
> 2) she signed a plea agreement for 8 to 10 years and instead got 14 years.

In response to the court's order to show cause, the respondent has filed an answer in which it maintains that the claims are due to be dismissed because the plaintiff admitted during her plea agreement that she committed the acts which performed the factual basis of her plea, and that the relevant portions of the plea agreement, cited by the prosecutor at the time of the plea, specifically stated that the government would recommend the high end of the guideline range as determined by the court. Thereafter, on July 25, 2005, the court entered an order advising the movant that the court deemed the case appropriate for summary disposition and advised movant that she was allowed an additional twenty (20) days to supply "any additional evidentiary materials or legal arguments she may wish to offer with regard

to whether the motion to vacate is subject to summary disposition." The movant filed nothing additional in response.

The movant has supplied no evidence to the court to support her claim that "there were things brought out" that she did not do. She does not even identify what "things" she disputes doing. During her guilty plea, the court asked "Do you wish to enter a plea of guilty because you are guilty?" to which the movant responded, "Yes, ma'am." Plea agreement at 13-14. The court then asked the government what it would expect to prove should the case go to trial. The prosecutor stated numerous facts, after which the court asked the movant, "did you hear Mr. Phillips state for the record what he would expect to show if this case were to be tried?" to which the movant responded, "Yes." The court then asked the movant whether that accurately described what she did, to which she again stated, "Yes, ma'am." Plea Transcript, at 15-20. The court thus finds this claim to be without merit.

Similarly, the court finds no merit to the movant's claim that she was promised 8 to 10 years. The plea agreement signed by the movant specifically states that the government will recommend that "[t]he defendant be sentenced at the high end of the guideline range as determined by the court." Plea Agreement (doc. 24), at 1. The document recognizes that the defendant will ask the court to impose a different

sentence from that recommended by the government. Plea Agreement, at 2. It then states:

> The defendant agrees and understands that the final sentencing guideline range is determined BY THE COURT and may be different from the range set forth in this document or that calculated by defense counsel, the prosecutor, or the probation office.

*Id* (emphasis in original). Later, the Plea Agreement reiterates that:

> The Defendant is aware that the Court ultimately calculates the guidelines range applicable to this case and is not bound by the Defendant's or the United States Attorney's calculations.
>
> The Court may even decide that the recommended sentence is not within the guidelines range and may not follow the recommendation for that reason. Also, the Court may, for just cause, impose a sentence above or below the guidelines range, even the maximum possible sentence under the law.

*Id*., at 4. (emphasis in original). The movant both initialed all pages in the plea agreement and signed it on page 7.

The movant has provided no evidence to refute any of the above facts. She has provided no document which shows a promise of a sentence of 8 to 10 years if she pleaded guilty. Even if such a document existed, the movant was repeatedly informed that the court was no bound by a promise of any particular sentence. During her guilty plea, the movant was specifically asked by the court, "Do you understand that the – whatever the recommendation is, or is going to be, is just a recommendation,

and the Court is bound by anything in terms of the recommendation that is in the plea agreement?" to which the movant replied, "Yes, ma'am." Plea Hearing, at 10.

The court finds the movant's allegation that she was promised a sentence of 8 to 10 years to be refuted by the evidence and without merit.

An appropriate order will be entered.

DONE this 4th day of December, 2006.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE